# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

——————

No. 14-10644
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON DANIELLE COLLIER, also known as Brandon Daniel Collier,

Defendant-Appellant

——————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-301

——————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brandon Danielle Collier appeals the 77-month sentence imposed on his guilty plea conviction for possessing a firearm after a felony conviction. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). We affirm.

Reviewing for plain error, we reject the contention that the base offense level was assigned erroneously because the district court ignored *Descamps v. United States*, 133 S. Ct. 2276 (2013), and impermissibly considered state court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10644

documents to find that Collier had a prior Texas conviction for a controlled substance offense. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Collier's arguments, if not foreclosed, are at least subject to reasonable dispute. *See United States v. Teran-Salas*, 767 F.3d 453, 459 (5th Cir. 2014), *petition for cert. filed* (Dec. 15, 2014) (No. 14-7593). A claim subject to reasonable dispute cannot succeed on plain error review. *Puckett*, 556 U.S. at 135; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).

Reviewing for plain error, we reject also the contention that the district court reversibly erred by not reducing Collier's federal sentence to account for time spent in state pretrial custody before the state sentence is imposed. *See Puckett*, 556 U.S. at 135. The Sentencing Guidelines do not authorize a district court to grant such a reduction. *United States v. Looney*, No. 14-10203, 2015 WL 1534358 (5th Cir. Apr. 7, 2015) (unpublished); *see United States v. Ballard*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). In light of *Looney*, whether the district court committed clear and obvious error is at least subject to reasonable dispute, and thus Collier has not shown plain error. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.

AFFIRMED.